# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS THOMPSON, JR. | : | Civil No. 1:19-CV-1136 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Kane) |
| vs. | : | (Magistrate Judge Carlson) |
| HARLEY-DAVIDSON MOTOR CO., | : | |
| Defendant. | : | |

| THOMAS THOMPSON, JR. | : | Civil No. 1:19-CV-1312 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Kane) |
| vs. | : | (Magistrate Judge Carlson) |
| INTERNAT'L. ASSOC. OF MACHINISTS AND AEROSPACE WORKERS, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

These two actions involve separate removal petitions filed by two different defendants named in a single state case brought by the plaintiff. The removal petition filed by Defendant Harley-Davidson, contained, *inter alia*, the following averments regarding service of process:

7. The Pennsylvania Rules of Civil Procedure do not allow for the service of original process by mail within the Commonwealth. Pa. R.C.P. 400(a) (requiring service of original process by sheriff).

8. Harley-Davidson preserves its right to raise all claims and defenses, including the issue of improper service, at an appropriate time. *E.g.*, *Greenberg v. Giannini*, 140 F. 2d 550, 553 (2d Cir. 1944) (Learned Hand, J.) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing . . . .").

. . .

21. In accordance with 28 U.S.C. § 1448 and Fed. R. Civ. P. 81(c)(2)(B), unless Plaintiff requests a waiver of service, Harley-Davidson will respond to the Complaint by answer or motion within 21 days after being served with a summons under Fed. R. Civ. P. 4.

The plaintiff has moved to strike these paragraphs from this removal petition, (Docs 2 and 4), arguing that these averments are improper because service has been properly made in this case. Harley-Davidson opposes these motions to strike, which are now ripe for resolution.

For the reasons set forth below, we will deny this motion to strike without prejudice to full consideration of the question of sufficiency of service of process when and if Harley-Davidson files a motion to dismiss on these grounds.

## II. <u>Discussion</u>

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

As this court has noted:

> "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Natale v. Winthrop Resources Corp., 2008 U.S. Dist. LEXIS 54358, 2008 WL 2758238 (E.D.Pa. July 9, 2008). Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Id.

Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010).

In this case, upon consideration of this motion to strike and recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the averments in this removal petition are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Nor can it be said that these averments have "no possible relation to the controversy and may cause prejudice to one of the parties, or . . . confuse the issues in the case." Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike.

However, because we understand the concerns that motivated the plaintiff to file this pleading, we will emphasize the point which we believe Harley-Davidson concedes. The inclusion of these averments in the removal petition merely preserves

a potential defense. It does not in any way by itself warrant dismissal of this action Instead, if the defendant wishes to seeks dismissal of this lawsuit due to some alleged failure of service, the defendant must file a motion to dismiss and accompanying brief. Art that time, the plaintiff would be provided a full and fair opportunity to respond to any motion challenging sufficiency of service of process.

## III. Order

Accordingly, for the foregoing reasons, the plaintiff's motions to strike (Docs. 2 and 4) are DENIED .

So ordered this 6th day of August 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge